# CHARLESTON.

## STATE v. FRANK KLODA

### (No. 5172.)

Submitted March 10, 1925.   Decided March 17, 1925.

SYLLABI IN OTHER CASES FOLLOWED AND APPLIED.

Section 3 of the syllabus in the case of *State* v. *Knosky*, 87 W. Va. 558, and section 3 of the syllabus in the case of *State* v. *Cook*, 90 W. Va. 600, followed and applied.

(Intoxicating Liquor, ·33 C. J. § 196.)

(NOTE :—Parenthetical references by Editors. C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Brooke County.

Frank Kloda was convicted of possessing a moonshine still, and he brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*Chas. J. Schuck* and *Wm. J. Gompers,* for plaintiff in error.

HATCHER, JUDGE:

Frank Kloda was indicted in the circuit court of Brooke county at the February term, 1920, on the charge of operating, maintaining, and having in his possession, a moonshine still in the month of December, 1919.   The indictment was drawn under section 37 of chapter 108 of the Acts of 1919.   He was tried on this indictment in March, 1924.   The evidence of the state was that a raid was made on the defendant's home a short time prior to the indictment.   Kloda at that time lived at a place called Beech Bottom, in a thickly settled community. A public highway ran right past his door.   This highway was generally used by the public, as well as the Wheeling Traction Company, in the operation of its street railway.   The officers found certain parts of a still underneath Kloda's house. Kloda was found guilty by the jury and the court fined him $300.00 and sentenced him to the penitentiary for a period of one year.

Kloda's counsel contend that the place at which the still was found, was not a ''desert, secluded, hidden, secret or solitary place'' away from the observance of the general public, such as was contemplated by the act of 1919 under which Kloda was indicted. In support of this contention, reference is made to the decisions of this court in the cases of *State* v. *Knosky*, 87 W. Va. 558, and *State* v. *Cook*, 90 W. Va. 600. These cases held that the secluded, etc., place referred to in the statute meant the *locality* in which a still was kept and operated, and not the place itself where a still was found. The attorney general, recognizing the poignancy of this contention, files no brief and offers no argument in support of the judgment herein.

The contention of defendant's counsel is entirely supported by our former decisions. In consideration of which, we reverse the judgment of the lower court, set aside the verdict of the jury, and award the defendant a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*